SYLVIA DE GRASSE, The (SETZER v.). See Case No. 12,676.

## Case No. 13,714.

### SYMES v. IRVINE.

[2 Dall. 383.] [2]

Circuit Court, D. Pennsylvania. 1797.

CONTINUANCES—ABSENCE OF WITNESS—RIGHT TO TAKE DEPOSITION.

[Absence of a material witness may be good ground for a continuance, although he resides more than 100 miles from the place of trial, so that the moving party might have taken his deposition.]

[This was an action of ejectment by Symes' lessee against Irvine.]

The defendant's counsel moved to put off the trial of this cause (which was marked for the 20th of April) upon an affidavit setting forth, "that A. B., a material witness, who lived at Carlisle, in Pennsylvania, (at a distance of more than 100 miles from Philadelphia) was absent; and that he had been sick some time ago, but had promised the defendant to attend at the trial."

Lee, Ingersoll & Rawle objected to the postponement, because it was in the defendant's power, by virtue of the act of congress (volume 1, Swift's Ed., p. 68, § 30 [1 Stat.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by A. J. Dallas, Esq.]

88]) to have taken the deposition of the witness de bene esse. Nor is it sufficient in every case to make a formal affidavit; the court will enquire so far into the testimony, which the witness could give, as to satisfy themselves, that the reason assigned for a postponement is not merely colorable; and if the facts, in the present instance, are material, there can be no injury from allowing the court to hear and decide on them. There can be less occasion, likewise, for indulging such motions in ejectments, than other suits, as the judgment is not conclusive.

E. Tilghman and Mr. Lewis, in support of the motion, stated, that the cause had never yet been put off at the request of the defendant; and they urged the superior importance of viva voce testimony, as a sufficient reason for declining to take the deposition of the witness de bene esse, under the act of congress; whose provisions, in this respect, indeed, they regarded as abhorrent to the principles of natural justice.

PETERS, District Judge. If any delay had heretofore occurred by the defendant's conduct, I should have been disposed to have held him, strictly, to the performance of every thing, by which it was in his power to procure the testimony of the witness. The act of congress, however, appears to be rather harsh; and if no excuse, like the present, could be admitted, it would be declaring, in effect, that whenever witnesses resided more than 100 miles from the court, their depositions must be, indispensably, taken.

IREDELL, Circuit Justice. It is not a sufficient reason for forcing this cause to a trial, in the absence of a material witness, that the act of congress authorised his deposition to be taken. Courts of justice have always been desirous to obtain viva voce testimony, where it was practicable; and even the plaintiff himself has given a proof of his sense of its superior estimation, by bringing his witnesses for this very trial from Richmond in Virginia, though he was equally entitled to take their depositions. The testimony may be of such a nature, as not to admit of all its force being reduced to the form of a deposition. With respect to a disclosure of the facts, which depend on the testimony of the witness, we think that it is not regularly in our power to compel it; and, even if we had the power, it might be essentially wrong, in many cases, to exercise it. Nor, do I think, that, because this is a case of ejectment, the court should be less scrupulous in ordering the trial to proceed: for, it must be recollected, that the defendant is, at present, in possession of the premises, but will be evicted, if the cause is decided against him.

Upon the whole, the court cannot, perhaps, lay down a general rule, for the continuance of causes; but must, under the circumstances of each case, take care that injustice is not done, either by precipitate trials, or wanton delays. In the present instance, there appears to be a fair ground for the postponement; and, therefore, let the cause be continued.